968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique DE LA BARCA, Defendant-Appellant.
 No. 90-10523.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1992.*
Decided July 15, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant de la Barca entered a guilty plea, in which he preserved his right to appeal the district court's denial of his suppression motion, for conspiracy to unlawfully import a controlled substance in violation of 21 U.S.C. §§ 952, 960(a)(1) & 963. He appealed the denial of his suppression motion in a timely manner. We affirm.
 
 I.
 FACTS
 
 3
 Police officers from both California and Nevada were involved in some fashion in the stop, search, and arrest of appellant in the State of Nevada. It began with Steve Adamson, a Nevada Highway Patrol Officer, sitting in his car near Interstate Highway 15 and Craig Road, and operating his radar, when he saw three truck and trailer vehicles pass him, one of which lacked a Nevada Motor Carrier License. Officer Adamson determined to follow the improperly licensed vehicle and was rolling forward when an unmarked vehicle blocked his way. The two occupants of the unmarked car identified themselves as officers of the Orange County, California Narcotics Suppression Team. They told Adamson that they had been following a blue International cab-over truck with a silver trailer and and New Jersey license plates for over two days, and that they had observed the truck and trailer pull over at a rest area where the driver talked to several people, while another took photographs of the trailer. They asked if Adamson could find probable cause to stop the truck and obtain consent to search the trailer.
 
 
 4
 The truck and trailer the Orange County officers described was recognized by Adamson as the one he had determined to follow before he was blocked. The pursuit by Adamson was resumed and, as he overtook the truck and trailer he sought, his police radio notified him to be alert for the specific truck and trailer he was pursuing, which California authorities believed was carrying narcotics. Adamson responded that he was stopping the truck and trailer in question and requested assistance, which was denied.
 
 
 5
 Appellant responded to Adamson's signals to stop. He then asked appellant for his driver's license, registration, temporary permit for operating within Nevada, and medical examiner certificate. Appellant could not produce the latter two, even though there had been opportunities to purchase a temporary permit on the highway appellant had just traversed. His driver's license also later turned out to bear a number of which New Jersey had no record. This checking consumed twenty to thirty minutes.
 
 
 6
 Adamson began to prepare a citation under Nevada law for failure to purchase at an earlier opportunity the temporary license. At this point an officer, Mr. McGregor, arrived to assist Adamson. Adamson then asked permission to search the trailer. Appellant attempted to occupy a middle position; he consented, but refused to sign a consent waiver form, which he did not request to see. McGregor asked whether appellant was consenting to search and appellant again orally consented.
 
 
 7
 Adamson and McGregor then entered the trailer and found palettes on which many bags of onions rested. At the front of the trailer Adamson found several cardboard boxes. One of these had fallen to the floor and spilled its contents, which turned out to be cocaine. When all boxes were emptied, the total weight of the cocaine was 559 pounds.
 
 
 8
 In entering judgment against appellant, the district court accepted the earlier findings of a magistrate that the search and stop was lawful. Appellant challenges this finding in this appeal. He argues four contentions:
 
 
 9
 (1) There existed no reasonable suspicion to support the stop under Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 10
 (2) The stop to investigate the lack of a proper Nevada license was a pretext.
 
 
 11
 (3) The Terry stop, even if proper under that authority, evolved into a custodial detention.
 
 
 12
 (4) Appellant did not consent to the search and, in any event, the search exceeded the scope of his consent.
 
 II.
 DISPOSITION
 A. Reasonable Suspicion Existed
 
 13
 The initial stop was supported by reasonable suspicion that appellant's truck and trailer lacked a proper Nevada motor vehicle license. The fact that appellant may not have had an obligation to display such a permit conspicuously does not negate that suspicion.
 
 B. Stop Not a Pretext
 
 14
 The valid Terry stop was not pretextual. Adamson had a valid reason for his suspicion which justified the stop without regard to what he heard from other sources about the possibility of drugs in the truck and trailer. This information enhanced the importance of the stop and provided a second, not the initial and only, reason for the stop.
 
 
 15
 C. Stop Did Not Evolve Into Custodial Detention Before Consent to Search
 
 
 16
 This is appellant's strongest issue; however, it fails to carry the day. It obviously took some time to check appellant's papers, but appellant at all times after being cited for a failure to have a proper vehicle permit could have refused to respond to any further requests and inquiries by the officers. It is true, of course, that the presence of officers tends to restrain such actions, but that is inherent in any "Terry stop" situation. To argue that such restraint invalidates the Terry stop is to argue that Terry v. Ohio, 392 U.S. 1 (1968), should not be the law. That does not mean that palpable and overt restraints cannot convert a Terry stop into custodial detention. At that point reasonable suspicion is no longer sufficient support. Probable cause must exist. Prior to the time consent to search the trailer was given verbally, the officers had not passed beyond the legitimacy that reasonable suspicion provides.
 
 D. Consent was Voluntary
 
 17
 The trial court found the appellant's consent was voluntary. That is not clearly erroneous. There appears to be no dispute about the existence of appellant's verbal consent to search. Neither his refusal to sign a written form nor Adamson's failure to read the form to him destroys that consent.
 
 
 18
 Finally, the search did not exceed the consent. Appellant even assisted Adamson in opening the back of the truck.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3